Matter of Chen (2025 NY Slip Op 06255)

Matter of Chen

2025 NY Slip Op 06255

Decided on November 13, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 13, 2025

Before: Kern, J.P., Friedman, Kapnick, Shulman, Hagler, JJ. 

File No. 3902/18/B 3902/18C|Appeal No. 5145-5146|Case No. 2024-07468 2024-07472|

[*1]In the Matter of the Kendall Granville Chen Also Known as Kendall G. Chen, Deceased. In the Matter of David H. Fromm etc., et al., Respondents/Cross-Petitioners-Respondents,
Kimball C. Chen etc., et al., Petitioners/Cross-Respondents- Appellants.

Lloyd S. Clareman, A Professional Corporation, New York (Lloyd S. Clareman of counsel), for appellants.
Farrell Fritz, P.C., New York (Bret Cahn of counsel), for respondents.

Order, Surrogate's Court, New York County (Rita Mella, S.), entered October 17, 2024, which granted the motion of David H. Fromm and William G. Levy, co-executors of the Estate of Kendall Granville Chen, to dismiss the second amended petition, unanimously reversed, on the law, without costs, the motion denied, and the petition reinstated. Appeal from order, same court and Justice, also entered October 17, 2024, which dismissed the estate's cross-petition as moot, unanimously dismissed, without costs, as academic. The petition stated a claim against the estate of Kendall Chen based on Kendall's conduct as co-trustee of the Chie Yuan Chen Trust, which was established by Chie Yuan Chen, the father of Kendall and his brother Kimball Chen, for the benefit of their children, Chie's grandchildren. The petition alleged that Kendall actively subverted the trust's stated purpose insofar as, from 2000 until 2016, he concealed from his children the existence of the trust and the joint bank accounts into which distributions from the trust were made for each grandchild, and converted a significant portion of those funds for his personal financial benefit. If proven, Kendall's conduct constituted a breach of his fiduciary duty to the trust (as well as to his children), and the trust may recover the commissions paid to him at a time when he was a faithless servant, even if the trust suffered no damages(see Feiger v Iral Jewelry,41 NY2d 928, 928-929 [1977]).
Indeed, the trust was damaged by Kendall's receipt of commissions at a time when he allegedly breached his fiduciary duty to the trust, and it is for that reason that petitioners have standing to seek disgorgement of the commissions paid to Kendall from 2000 to 2015. The corpus of the trust was diminished by the payment of the commissions when Kendall was diverting to himself the distributions intended for his children. Moreover, as the estate concedes, the settlement agreement between Kendall and his children did not bind the trust or the other beneficiaries of the trust, since they were not signatories to that agreement.
We reject the estate's argument that the faithless servant claim is unpreserved. The doctrine has a "close relationship and overlap" with breach of fiduciary duty, which petitioners did raise before the motion court (Yukos Capital S.A.R.L. v Feldman, 977 F3d 216, 242 [2d Cir 2020]). In any event, the faithless servant doctrine is determinative of all but the ratification issue and this Court may review legal arguments which appear on the face of the record and which, as here, could not have been avoided if brought to the adverse party's attention (Vanship Holdings Ltd. v Energy Infrastructure Acquisition Corp., 65 AD3d 405, 408 [1st Dept 2009]; see also Facie Libre Assoc. I, LLC v SecondMarket Holdings, Inc., 103 AD3d 565, 565 [1st Dept 2013], lv denied 21 NY3d 866 [2013]). Here, the appellants set forth the necessary factual allegations and repeatedly expressed principles supporting application of the faithless servant doctrine sufficient to put the executors on notice of the substance of the claim.
Kimball's agreement to pay Kendall commissions for 2017 and 2018, after Kendall had settled with his children, did not constitute a ratification of the prior commission payments to Kendall as a matter of law, since different inferences may reasonably be drawn from Kimball's assent to the 2017 and 2018 payments (see US Bank N.A. v Gutierrez, 136 AD3d 571, 571 [1st Dept 2016]).
We have considered the estate's remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 13, 2025